■ JOSEPH KRAFT et al., Individually and Doing Business as BOYLE'S TAVERN, Respondents, v COLONIAL COOPERATIVE INSURANCE COMPANY, Appellant. [602 NYS2d 281] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiffs sought damages based on defendant insurer's alleged "breach of contract" in issuing a check for insurance proceeds to copayees not named in the policy. The check was issued 18 months after the loss, but was not cashed. The court erred in denying the motion of defendant to amend its answer pursuant to CPLR 3025 (b) to assert that plaintiffs' complaint is barred by the two-year contractual limitation period in the insurance policy and to dismiss the complaint on that ground. The policy provided that "no suit to recover for any property claim" may be brought against the insurer unless it is commenced within two years of the loss. The court erroneously found that plaintiffs' action was not a "suit to recover for any

property claim" within the terms of the policy. The only "contract" between the parties is the insurance policy itself. Plaintiffs have not alleged unfair prejudice or surprise resulting from defendant's delay in asserting the proposed affirmative defense. Thus, the court should have granted defendant's motion for leave to amend the answer *(see, Crimmins Contr. Co. v City of New York,* 74 NY2d 166) and should have dismissed the complaint in its entirety as time-barred. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.